[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10099
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00827-CV-J-20-JRK

MARIA VOLODINA CHESHIRE,

Plaintiff-Appellant,

versus

BANK OF AMERICA, NA,
KENNETH D. LEWIS,
Chairman, President and CEO,
STEVE KANE, Loan Officer of
Bank of America,
JENNY HUBER,
Research Analyst,
SARA BEDIENT, Officer of
Customer Service Research, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 30, 2009)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Maria Volodina Cheshire, proceeding pro se, appeals the district court's order dismissing her civil complaint ("Complaint") against defendants Bank of America and Kenneth D. Lewis (collectively "Defendants"). The district court concluded that (1) the Complaint failed to state a claim upon which relief can be granted and (2) the claims were barred by applicable statutes of limitations. The district court also dismissed the Complaint as a sanction against Cheshire for filing a unilateral settlement agreement and failing to appear at the motion to dismiss hearing.

On appeal, Cheshire argues that Defendants failed to consent to proceedings before a magistrate judge and, therefore, the magistrate did not have jurisdiction to rule on certain pretrial motions including (1) granting Defendants' motion for an extension of time to respond to the Complaint; (2) denying her first motion for default; and (3) denying her motion for a more definite statement. With certain exceptions not applicable to this case, "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court." See 28 U.S.C. § 636(b)(1)(A). Consent of the parties was not necessary. Accordingly, we discern no error.

2

Next, Cheshire argues that Defendants' motions to dismiss were not properly before the district court and the hearing on the motions to dismiss violated due process. Specifically, Cheshire contends: (1) she was not provided with reasonable notice of the hearing; (2) she was unable to attend the hearing because she did not have time to hire her own court reporter; (3) she was entitled to discovery and a jury trial; (4) Defendants' motions to dismiss were unsigned; and (5) Defendants were in default before filing the motions to dismiss because they had failed to respond to the Complaint on time.

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error. First, the district court entered an order on December 3, 2008 setting the hearing date. Cheshire acknowledged receiving notice of the hearing on December 5, 2008. The hearing was held as scheduled on December 11, 2008. Cheshire was not entitled to be absent from the hearing simply because she desired her own court reporter.[1] We note that "[a] district court must be able to exercise its managerial power to maintain control over its docket." Young v. City of Palm Bay, Fla., 358 F.3d 859, 864 (11th Cir. 2004).

Second, a plaintiff has no right to discovery upon the filing of a motion to dismiss that raises a purely legal question. Chudasama v. Mazda Motor Corp., 123

---

[1] Fed. R. Civ. P. 30(b) refers to methods for recording testimony given at depositions.

3

F.3d 1353, 1367 (11th Cir. 1997). Defendants' motions to dismiss raised only legal questions and, therefore, Cheshire had no right to discovery. Furthermore, a plaintiff's right to a trial by jury is not violated when a court dismisses a case based on a matter of law at the pretrial stage. Garvie v. City of Fort Walton Beach, Fla., 366 F.3d 1186, 1190 (11th Cir. 2004) (summary judgment context).

Third, a valid local rule has the force of law. Weil v. Neary, 278 U.S. 160, 169, 49 S. Ct. 144, 148 (1929). The local rules of the United States District Court for the Middle District of Florida specify that "[a] pleading or other document requiring the signature of the attorney of record shall be signed in the following manner, whether filed electronically or submitted on disk to the Clerk: 's/ (attorney name).'" M.D. Fla. Admin. Proc. for Electronic Filing in Civ. and Crim. Cases § II.C.1 (available at http://www.flmd.uscourts.gov/). Defendants' motions to dismiss are signed in accordance with this rule.

Finally, by order of the court, Defendants had through September 30, 2008 to file a response to the Complaint. On September 30, 2008, Defendants filed motions to dismiss. The filing of a motion to dismiss alters the time in which an answer is due until after the district court denies the motion or postpones its disposition. Fed. R. Civ. P. 12(a)(4)(A). Accordingly, Defendants were not in default at the time the motions to dismiss were filed.

4

Cheshire also argues that the district court erred in granting Defendants' motions to dismiss. "While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir.), cert. denied, 129 S. Ct. 74 (2008) (internal citation omitted). "Moreover, we do not address arguments raised for the first time in a pro se litigant's reply brief." Id. Among other reasons, the district court dismissed Cheshire's claims because they are barred by the applicable statutes of limitation. Cheshire failed to address this issue in her initial brief. Accordingly, it is abandoned. The statute of limitations bar is sufficient to affirm the district court's dismissal of the Complaint.[2]

AFFIRMED.[3]

---

[2] All arguments not explicitly addressed are rejected without need for further discussion.

[3] Cheshire's motion to file a reply brief out of time is granted. Cheshire's motion for a written report on the progress of her motions to (1) file a reply brief out of time; and (2) show cause in a related appeal, is granted. Cheshire is informed that her request to file a reply brief out of time has been granted, and her motion to show cause was denied on May 8, 2009. Cheshire's motion to show cause why appellees should not be held in contempt for failing to respond to her motion to file a reply brief out of time is denied. "Any party may file a response to a motion." Fed. R. App. P. 27(a)(2)(A). Appellees are not required to respond.